104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Idael Manuel JIMENEZ-MORA and Joseph Labosco, Defendants-Appellants.
 Nos. 95-1480 (L), 95-1482.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeals from the United States District Court for the Eastern District of New York.
 Appearing for Appellant Jimenez-Mora:David G. Secular, N.Y., N.Y.
 Appearing for Appellant Labosco Joel M. Stein, N.Y., N.Y.
 Appearing for Appellee: Elisa L. Liang, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WALKER and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 3
 Defendants Idael Manuel Jimenez-Mora and Joseph Labosco appeal from an order entered in the United States District Court for the Eastern District of New York, Reena Raggi, Judge, denying their motions pursuant to Fed.R.Crim.P. 33 for a new trial. Mora and Labosco were convicted of narcotics offenses following a jury trial before Judge Raggi, and their convictions were affirmed, see United States v. Lowen, No. 92-1472(L) (2d Cir. Oct. 26, 1993). On the present appeal, they contend, inter alia, that the district court should have granted them a new trial on the ground of newly discovered evidence because the government had failed to disclose Brady information pertaining to allegations of impropriety and illegality against Agent Hunt, a government witness at their trial. Finding no merit in any of defendants' contentions, we affirm the order of the district court.
 
 
 4
 The government is obliged to disclose favorable evidence that is material to the defense. See Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence is material if there is a reasonable probability that if the evidence had been disclosed to the defense the result of the proceeding would have been different. See, e.g., Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995). The court should not grant a motion for a new trial based on newly discovered evidence unless it is persuaded, inter alia, that the evidence is indeed "new," see, e.g., United States v. Mayo, 14 F.3d 128, 132 (2d Cir.1994), and that the defendant's failure to discover the evidence cannot be attributed to a lack of due diligence, see, e.g., United States v. Alessi, 638 F.2d 466, 479 (2d Cir.1980). The denial of a new trial motion is reviewed for abuse of discretion. See, e.g., United States v. Sasso, 59 F.3d 341, 350 (2d Cir.1995). "New evidence that is merely impeaching will not ordinarily justify a new trial." United States v. Reyes, 49 F.3d 63, 68 (2d Cir.1995) (citing Mesarosh v. United States, 352 U.S. 1, 9 (1956), and United States v. Spencer, 4 F.3d 115, 119 (2d Cir.1993)).
 
 
 5
 In the present case, the evidence on which the present motion was based was not "new," for the government had in fact disclosed to Mora and Labosco the allegations against Hunt prior to their trial. Though opinions in two other cases granting new trials on the basis of allegations of Hunt's misconduct had not yet been rendered, see Alvarez v. United States, 808 F.Supp. 1066, 1097 (S.D.N.Y.1992); United States v. Bravo, 808 F.Supp. 311, 326 (S.D.N.Y.1992), comments by the court in a third case, made and publicized prior to the trial of Mora and Labosco, United States v. Lara, 89 CR 1006(KC) (S.D.N.Y. Hearing Transcript Aug. 7, 1990), had raised serious questions as to Hunt's conduct. In Lara, the court warned the government to "very carefully re-examine this case.... This is the integrity of the United States Attorney's Office and the DEA which transcends the question of whether these agents get off the hot spot...." (Id. at 719-20.) In a pretrial letter in which the government disclosed to defendants the allegations that there had been misconduct by Hunt, the government also discussed the Lara court's comments. Defendants' contention that they did not pursue the allegations against Hunt in cross-examination merely because the government said it believed the allegations to be without substance is scarcely credible and in any event cannot gain them a new trial.
 
 
 6
 Further, we see no abuse of discretion in the court's conclusion that, even had defendants cross-examined Hunt on the supposedly new information, that information was not likely to lead to an acquittal. In addition to the Hunt testimony, the government's evidence included some 65 wiretap and consensual tapes containing conversations by both defendants; numerous samples of narcotics purchased undercover from Labosco; various items of narcotics paraphernalia and loaded weapons, including a firearm seized from Mora upon his arrest; and various surveillance photographs, including photographs of Mora meeting with one of the government's cooperating witnesses. As we said in affirming defendants' convictions on direct appeal, "the record overwhelmingly shows the existence of a conspiracy, at the center of which was a core group of people, including Martini, Lowen, and Labosco. ... In particular, Papadakos and her associate, Mora, were eager members of the conspiracy." United States v. Lowen, No. 92-1472(L), at 8 (2d Cir. Oct. 26, 1993) (emphasis added).
 
 
 7
 We have considered all of defendants' contentions on these appeals and have found them to be without merit. The order of the district court is affirmed.